UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF INDIANA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VALEO THERMAL COMMERCIAL VEHICLES NORTH AMERICA, INC. f/k/a AUTOMOTIVE CLIMATE CONTROL, INC. d/b/a ACC CLIMATE CONTROL,<br><br>Defendant. | Civil Action No. 3:18-cv-167<br><br>**COMPLAINT** |

Plaintiff Zurich American Insurance Company, by way of Complaint against Defendant Valeo Thermal Commercial Vehicles North America, Inc. f/k/a Automotive Climate Control, Inc. d/b/a ACC Climate Control, states as follows:

## PARTIES

1. Plaintiff Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC is authorized to transact business and has transacted business in State of Indiana.

2. Defendant Valeo Thermal Commercial Vehicles North America, Inc. f/k/a Automotive Climate Control, Inc. d/b/a ACC Climate Control ("Defendant") is a domestic corporation organized under the laws of the State of Indiana with a principal place of business at 22150 Challenger Drive, Elkhart, Indiana 46514.

## JURISDICTION

3. The amount in controversy between the parties is in excess of $75,000.

4. Jurisdiction is based in diversity of citizenship under 28 U.S.C. §1332.

## COUNT ONE
### Breach of Contract

5. ZAIC repeats, restates and realleges the allegations of paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. ZAIC issued a policy of workers' compensation and employers liability insurance to Defendant under Policy No. WC 0111660-00 for the effective dates of February 27, 2015 to February 27, 2016 (the "2015 Policy").

7. The 2015 Policy was renewed under Policy No WC 0111660-01 for the effective dates of February 27, 2016 to February 27, 2017 and changed by endorsement to the effective dates of February 27, 2016 to March 29, 2016 (the "2016 Policy").

8. ZAIC issued a policy of business automobile insurance to Defendant under Policy No. BAP 0111657-00 for the effective dates of February 27, 2015 to February 27, 2016 and changed by endorsement to the effective dates of February 27, 2015 to March 29, 2016 (the "BAP Policy").

9. The 2015 Policy, the 2016 Policy and the BAP Policy are hereinafter referred to as "the Policies."

10. The Policies are written contracts which provide insurance coverage for certain liabilities of Defendant, as defined by the Policies in exchange for premiums.

11. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Defendant regarding its estimated exposure (i.e. payroll or sales) for the effective dates of coverage.

12. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

13. The audit of the 2015 Policy produced additional premiums of $64,093 owed by Defendant to ZAIC.

14. The initial premiums for the 2016 Policy were $12,755 owed by Defendant to ZAIC.

15. Defendant did not remit payment of the initial premiums for the 2016 Policy.

16. The audit of the 2016 Policy produced additional premiums of $4,046 owed by Defendant to ZAIC.

17. The audit of the BAP Policy produced additional premiums of $2,841 owed by Defendant to ZAIC.

18. ZAIC issued invoices for these premiums to Defendant in a timely fashion.

19. Defendant failed and refused to remit payment of the $83,735 ($64,093 + $12,755 + $4,046 + $2,841) which it owes to ZAIC pursuant to the terms of the Policies. Through its failure and refusal, Defendant breached the contract between ZAIC and Defendant, i.e. the Policies.

20. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policies.

21. ZAIC, on numerous occasions prior to filing the instant litigation, demanded payment of the $83,735 owed by Defendant and attempted to collect same without success.

22. Defendant has failed, refused and continues to refuse to pay the balance due and owing to ZAIC thereby causing ZAIC to suffer damages in the amount of $83,735, plus interest, attorney fees and litigation costs.

**WHEREFORE**, ZAIC demands judgment against Defendant in the amount of $83,735 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### Unjust Enrichment

23. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

24. ZAIC has provided insurance coverage and related services to Defendant for which Midwest has refused to pay.

25. Defendant acknowledged and accepted the insurance coverage and related services provided by ZAIC.

26. Defendant has been unjustly enriched by the receipt of such coverage and services to ZAIC's detriment.

27. Defendant benefitted from the insurance coverage and services provided by ZAIC.

28. Defendant has been unjustly enriched by the insurance coverage and related services to ZAIC's detriment

29. It would be unconscionable for Defendant to retain the benefits of the insurance coverage and related services without payment to ZAIC.

30. ZAIC has repeatedly demanded that Defendant remit payment of the amounts due and owing to ZAIC.

31. Defendant has failed, refused and continues to refuse to pay the balance due and owing to ZAIC thereby causing ZAIC to suffer damages in the amount of $83,735, plus interest, attorney fees and litigation costs.

**WHEREFORE**, ZAIC demands judgment against Defendant in the amount of $83,735 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Account Stated**

32. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

33. Defendant, being indebted to ZAIC upon accounts stated between them, and having acknowledged such debt, promised to pay ZAIC upon demand.

34. ZAIC has repeatedly demanded that Defendant remit payment for the amount owed by Defendant to ZAIC.  Defendant, however, has failed and refused to remit payment.

35. Defendant has failed, refused and continues to refuse to pay the balance due and owing to ZAIC thereby causing ZAIC to suffer damages in the amount of $83,735, plus interest, attorney fees and litigation costs.

**WHEREFORE**, ZAIC demands judgment against Defendant in the amount of $83,735 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

Respectfully submitted,

WOODEN McLAUGHLIN LLP

*/s/ James M. Boyers*
James M. Boyers, #20809-49
Zachary T. Searcy, #34771-49
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204
(317) 639.6151

BRESSLER, AMERY & ROSS, P.C.

Dennis E. Kadian (*pro hac vice pending*)
325 Columbia Turnpike
Florham Park, NJ 07932
(973) 514.1200

Attorneys for Plaintiff
*Zurich American Insurance Company*